STATE *vs.* WILLIAM A. WEEDEN.

JANUARY 24, 1962.

PRESENT: Condon, C. J., Roberts and Paolino, JJ.

CONDON, C. J. This is a criminal complaint against the operator of a motor vehicle for operating while under the influence of intoxicating liquor in violation of G. L. 1956, §31-27-2. The case was tried to a jury in the superior court and resulted in a verdict of guilty. Thereafter the defendant moved for a new trial which was denied. He did not except to such denial but he did except to a portion of the trial justice's charge to the jury which is the only exception he is pressing in this court. His other exceptions in his bill of exceptions are therefore deemed to be waived.

In the course of his instructions to the jury explaining the nature of the offense with which defendant was charged,

the trial justice pointed out that "He need not drive his automobile recklessly in order to be guilty of this offense." The defendant contends that the jury could have drawn an inference from such statement which was prejudicial. He concedes that the statement itself is in substance correct. If this is so it is difficult to perceive wherein a prejudicial inference could arise from a correct statement of the law.

However, in his brief defendant expounds such view as follows: "Taking this portion of the charge," he says, "together with other statements to the effect that the sole issue is the defendant's intoxication, it is reasonable to assume that the jury believed that the only issue to be decided was, was the defendant intoxicated when the doctor finished with his examination. The trial justice did not make it clear that the jury must decide whether or not the defendant was intoxicated *at the time he was in control of his automobile*. On its face the distinction may appear slight but in law it is the whole case." (emphasis his)

After carefully examining the entire charge our difficulty is not with the question whether the asserted distinction is slight but in finding any ground in the charge for defendant making such a distinction at all. It seems to us that the trial justice went to great length in this matter of pointing out to the jury the elements of the offense which the state had the burden of proving. His language, in our opinion, could have left them in no doubt that it was defendant's intoxication while driving which they would have to find before they could return a verdict of guilty.

We think this is strikingly clear from the following portion of the charge wherein the trial justice sought to impress upon the jury by inclusion and exclusion the particular criteria which should guide them in their judgment of the evidence against defendant. "This standard," he states, "is whether he is under the influence of intoxicating liquor. Has it such an influence upon him, the fact he has had in-

toxicating liquor is having an effect upon him and his judgment and his driving. He need not drive his automobile recklessly in order to be guilty of this offense. That is not here. There is another offense of reckless driving. This defendant is not charged with reckless driving. We don't have to wait for a man to be reckless to be guilty under this statute. Under this statute the question is, as he drove his automobile, even though, at the moment, he was driving his automobile all right, was he nevertheless as he drove it, under the influence of intoxicating liquor."

If we read the portion of the charge to which the defendant excepted in the context of the above-quoted statement in which it appears, as we must, the issue was made clear. Indeed in our opinion it is impossible to find any ground for an inference therein that intoxication solely would be sufficient to support a verdict of guilty. We are satisfied that the jury were not so misled by anything said by the trial justice in his charge and that, in our opinion, there is no basis therein for the contention which the defendant has advanced in support of his exception.

The defendant's exception is overruled, and the case is remitted to the superior court for further proceedings.

*J. Joseph Nugent,* Attorney General, *Corinne P. Grande,* Special Counsel, for State.

*Anthony E. Grilli, Anthony Grilli,* for defendant.